IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

POWER OF GRACE TRUCKING, LLC

      Plaintiff,

v.

WEATHERBY-EISENRICH, INC;
HUDSON INSURANCE COMPANIES;
MARIA ESTELA LARA, Administrator of the
Estate of Luis Antonio Lara;
MIGUEL H. LARA; and
STEPHANIE CORONADO as Next Friend to
A.L., a minor;

      Defendants.

CIVIL ACTION NO._____
JUDGE:

## NOTICE OF REMOVAL

Defendant Weatherby-Eisenrich, Inc. ("Weatherby") removes this state court action from the Fifth Judicial District Court of New Mexico to the United States District Court for the District of New Mexico.  This Notice of Removal is filed under 28 U.S.C. §§ 1332, 1441, and 1446.

### INTRODUCTION

1.      This is an insurance recovery action.

2.      Power of Grace Trucking, LLC, the plaintiff in this action, hired Weatherby, an insurance agent, to procure a primary and umbrella policy for it.  Ex. A, *First Amended Petition for Declaratory Judgment*, ¶ 7.

3.      Weatherby procured from Hudson Insurance Companies a $1,000,000 primary policy and a $5,000,000 umbrella policy for Power of Grace.  Id. at ¶ 8.

1

4.      Later, a semi-tractor trailer owned by Power of Grace was involved in a fatal traffic accident.  Id. ¶ 6.

5.      The estate of the decedent, represented by Maria Estela Lara, Miguel H. Lara, and Stephanie Coronado, who acted as Next Friend to minor A.L., sued Power of Grace Trucking, LLC in the Western District of Texas.  Id. at ¶ 4.

6.      Power of Grace alleges that, during the course of that litigation, it learned Hudson's position that there was no coverage for the claim under the $5,000,000 umbrella policy.  Id. at ¶ 12.

7.      Power of Grace filed this related action for declaratory relief in New Mexico state court, naming Weatherby, Hudson, Maria Lara, Miguel Lara, and Coronado as defendants and seeking a declaration that Weatherby and Hudson are liable for the $5,000,000 that Hudson contends is not covered by the umbrella policy.  Id. at 4.

8.      Even though Power of Grace joined Maria Lara, Miguel Lara, and Coronado as defendants in this declaratory judgment, it does not ask the court to grant any relief related to those defendants. Ex. A, First Amended Petition. at 3.  In fact, the First Amended Petition says that that "no orders of the Court are necessary" against them.  Id. at ¶ 4.

## DIVERSITY JURISDICTION

9.      Removal is proper because this Court has jurisdiction under 28 U.S.C. § 1332(a). This Court has original diversity jurisdiction because (1) there is complete diversity between the plaintiff and defendants and (2) there is more than $75,000 in controversy.

10.     Plaintiff Power of Grace is a New Mexico limited liability corporation.  Ex. A, ¶ 1. It has two members, and both are citizens of New Mexico. Ex. B.

11.     Defendant Weatherby is a Texas corporation with its principal place of business in Texas.  Id. at ¶ 2.

12.     Defendant Hudson Insurance Company is a Delaware corporation with its principal place of business in New York.

13.     Defendant Hudson Specialty Insurance Company is a New York corporation with its principal place of business in New York.

14.     Defendant Maria Lara is a citizen of Texas.  Id. at ¶ 4.

15.     Defendant Miguel Lara is a citizen of Texas.  Id. at ¶ 4.

16.     Defendant Stephanie Coronado is a citizen of Texas.  Ex. C, *Complaint in Intervention of Plaintiff Stephanie Coronado, as Next Friend to A.L., A Minor*, ¶ 1.

17.     Because Power of Grace is a citizen of New Mexico and none of the defendants is a citizen of New Mexico, there is complete diversity.  *See* 28 U.S.C. ¶1332(a)(1).

18.     Power of Grace seeks a declaration that Weatherby and Hudson are liable for $5,000,000.  Ex. A, Compl. at 4.

19.     The amount in controversy in this case therefore exceeds the $75,000 threshold for diversity under 28 U.S.C. ¶1332(a).

## PROCEDURAL REQUIREMENTS

20.     Removal is timely because Weatherby filed this Notice within 30 days after service of Plaintiff's First Amended Petition for Declaratory Judgment.  28 U.S.C. § 1446(b)(1). Weatherby's counsel accepted service of that pleading, in lieu of formal service of process, on April 15, 2021. (See Ex. A.)  Though Plaintiff filed an original Petition for Declaratory Judgment on January 22, 2021, that pleading was never served on Weatherby.

21.     This Court is the proper venue under 28 U.S.C. § 1446(a) because it is brought in the district and division within which the state court action was brought.

22.     Weatherby will concurrently file a copy of this Notice with the state court and serve notice on Power of Grace in compliance with 28 U.S.C. § 1446(d).

23.     Counsel for Defendants Hudson Insurance Company and Hudson Specialty Insurance Company has confirmed that both of those defendants consent to removal.  Brady v. Lovelace Health Plan, 504 F.Supp.2d 1170, 1172–73 (D.N.M. 2007); See also, Szuszalski v. Fields, 1:19-CV-0250 RB-CG, 2019 WL 5964602, at *7 (D.N.M. Nov. 13, 2019) (no requirement that counsel for each defendant consenting to removal sign the notice of removal).

24.     Defendants Maria Lara, Miguel Lara, and Stephanie Coronado are mere nominal defendants because Power of Grace does not seek any relief from them.  Becker v. Angle, 165 F.2d 140, 142 (10th Cir. 1948).  Therefore, those defendants are not required to consent to removal. Brady, 504 F.Supp.2d at 1173.

25.     The following documents are attached to this Notice, as required under 28 U.S.C. § 1446(a) and D.N.M.LR-Civ. 81.1(a):

    a.  **Exhibit A:**   Plaintiff's First Amended Petition for Declaratory Relief, with April 15, 2021 E-mail Accepting Service from Weatherby's Counsel.

    b.  **Exhibit B:**   Corporations and Business Services Search Results on Plaintiff from New Mexico Secretary of State.

    c.  **Exhibit C:**   Complaint in Intervention of Plaintiff Stephanie Coronado, As Next Fired to A.L., A Minor

    d.  **Exhibit D:**   Plaintiff's Petition for Declaratory Judgment.

e.  **Exhibit E:**   Motion for *Pro Hac Vice* Admission of Rickey J. Brantley, and Alex

Pelley, of the Law Offices of BrantleyPelley, PLLC, filed with Answer to Petition

for Declaratory Judgment.

f.  **Exhibit F:**   Proof of Service on Hudson Insurance Companies.

g.  **Exhibit G:**   Hudson Insurance Company and Hudson Specialty Insurance

Company's Answer to Petition for Declaratory Judgment.

h.  **Exhibit H:**   Entry of Appearance of Lead Counsel for Lara Defendants.

i.  **Exhibit I:**   Certificate of Written Discovery for Lara Defendants' First Request

for Production and First Interrogatories to Respondent Hudson Insurance Company

and Hudson Specialty Insurance Company.

Dated: April 19, 2021

Respectfully submitted,

*/s/ Lillian L. Alves*
Lillian L. Alves
**GORDON & REES**
500 Marquette Ave., Suite 1200
Albuquerque, NM  87102
Telephone: (505) 998-9008
Facsimile: (505) 933-8485
lalves@grsm.com

***Attorneys for Defendant Weatherby-Eisenrich, Inc.***