# EXHIBIT "A"

**Ryan Fellman**

| | |
|---|---|
| **From:** | Ryan Fellman |
| **Sent:** | Thursday, April 15, 2021 11:01 AM |
| **To:** | 'Dick Blenden' |
| **Cc:** | Bob Bragalone |
| **Subject:** | RE: First Amended Petition |
| **Attachments:** | 2021-04-15 Amended Petition for DJ(57738508.1).pdf |

Thank you, Dick.

This confirms that, effective today, I have accepted service of this amended pleading on behalf of Weatherby-Eisenrich, Inc., waiving the need for formal service of process.

Regards,

Ryan Fellman

---

**RYAN FELLMAN**  |  Senior Counsel

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE PARTNER®**

2200 Ross Avenue, Suite 3700
Dallas, TX 75201
D: 214-231-4736  |  C: 214-267-8306  |  rfellman@grsm.com

www.grsm.com
vCard

---

**From:** Dick Blenden <dblenden@pvtnetworks.net>
**Sent:** Thursday, April 15, 2021 10:53 AM
**To:** Ryan Fellman <rfellman@grsm.com>
**Subject:** First Amended Petition

*Sincerely yours,*

*Dick A. Blenden*

1

*Dick A. Blenden*
*Attorney at Law*
*208 W. Stevens*
*Carlsbad, New Mexico 88220*
*Phone (575) 887-2071*
*Fax (575) 885-6453*

FILED
5th JUDICIAL DISTRICT COURT
Lea County
4/14/2021 10:46 AM
NELDA CUELLAR
CLERK OF THE COURT
Cory Hagedoorn

STATE OF NEW MEXICO
COUNTY OF LEA
FIFTH JUDICIAL DISTRICT COURT


POWER OF GRACE TRUCKING, LLC

     Petitioner,

vs.                                                        D-506-CV-2021-00040

WEATHERBY-EISENRICH, INC
and HUDSON INSURANCE COMPANIES

     Respondents,

AND

MARIA ESTELA LARA, Independent
Administrator of the Estate of Luis
Antonio Lara, MIGUEL H. LARA and
STEPHANIE CORONADO as Next Friend to A.L., a Minor

     Respondents.

## **FIRST AMENDED PETITION FOR DECLARATORY JUDGMENT**

**COMES NOW,** Petitioner, Power of Grace Trucking Company, LLC, a New Mexico

Limited Liability Corporation and files its Petition for Declaratory Judgement pursuant to

Section 44-6-1 et.seq. NMSA and Petitions this Court to declare the rights of the parties set forth

herein:

1.     Power of Grace Trucking, LLC, is a New Mexico Limited Liability Corporation with

principal offices in Hobbs, Lea County, New Mexico.

2.     Weatherby-Eisenrich, Inc is a Texas Corporation authorized to do business in the

1

State of New Mexico, and is the agent of Petitioner involved in the issuance of both the primary and excess liability policies for Oil Field Trucking Firms, whose agent for service of Process is the Corporation Service Company, 125 Lincoln ave, Ste 223, Santa Fe, New Mexico 87501.

3.      Hudson Insurance Group and its progeny are the Insurance Companies that issued policies of insurance covering the Petitioner and its trucks operating in both New Mexico and Texas, whose agent for service of process is the New Mexico Superintendent of Insurance, 4th Floor, 1120 Paseo De Peralta Santa Fe, NM 87501.

4.      The remaining Defendants in this action, MARIA ESTELA LARA, Independent Administrator of the Estate of Luis Antonio Lara, MIGUEL H. LARA, and STEPHANIE CORONADO as Next Friend to A.L., a Minor, are the Plaintiffs and intervenors in Civil Action No.4:20-cv-00010-DC-DF, pending in the United States District for the Western District of Texas and are necessary parties to this Declaratory Judgment Action, although no orders of the Court are necessary against these Defendants.

5.      This Court has jurisdiction over the parties and the subject matter and venue is proper in this Court.

6.      On December 8, 2019, Luis Antonio Lara, was traveling northbound on SH 18 in Pecos County, Texas, when Power of Grace's commercial tractor-tanker trailer, driven by Jose Guadalupe Pina Jacobi, traveled off the main road onto the east ditch and made an illegal left U-turn across SH 18 proximately causing a collision in which Luis Antonio Lara was killed.

7.      Previously Petitioner had employed Weatherby-Eisenrich, Inc as its agent for the purpose of liability insurance coverage on its trucks in both Texas and New Mexico. Respondent agency was told of the necessary coverage for the Petitioner to have on its trucks to comply with its

customers' requirements. Additionally, Weatherby-Eisenrich, Inc was already aware of the necessary coverage through their long history of writing liability policies for oil field related companies in Andrews County, Texas. Hudson Insurance provided both the primary and umbrella policy to Power of Grace which covers the liability for the wreck referenced above.

8.    Respondent Weatherby-Eisenrich, Inc wrote policies of insurance with Hudson Insurance Group for One Million Dollar primary coverage for Petitioner and a Five Million Dollar umbrella coverage.  The primary and umbrella coverage was necessary for the Petitioner to provide to its customers in order to maintain its business.

9.    Respondent Weatherby-Eisenrich, Inc delivered to Petitioner a certificate of insurance, which said certificate was sufficient to be supplied to the customers of the Petitioner for their approval and which was in fact approved by the customers.

10.   The Application for the primary and excess/umbrella policy clearly shows a request for insurance to be an umbrella for a truck insurance policy, and that the request shows excess coverage was needed for Petitioner's heavy truck-tractors.   Further, the quote information from Hudson Insurance Company for the excess/umbrella policy shows coverage for "oil or gas lease site transport or delivery of fresh or salt water" and "oil or gas production wells, vacuum or tank truck services at oil or gas lease sites, including transporting and disposal of waste water and other liquids to approved disposals sites

11.   The representation of both Hudson Insurance Companies and Weatherby-Eisenrich, Inc confirm there is coverage under the primary and excess policy.

12.   Upon the filing of a complaint for the death of Luis Antonio Lara as alleged, Petitioner was advised that there was no coverage for the excess Five Million Dollar coverage. This was

3

the first that Petitioner had been made aware of the claims of both Hudson's Insurance

Companies and Weatherby-Eisenrich, Inc. regarding the excess policy.

13.     Petitioner moves this Court to declare that Respondent Weatherby-Eisenrich, Inc is liable

for the coverage for the excess policy limits of Five Million Dollars for their representation to

Petitioner that they had provided that coverage, and that Hudson Insurance Group is liable for the

coverage for the Five Million Dollars excess coverage because of their agent delivering to

Petitioner a certificate indicating that such coverage existed.

     **WHEREFORE**, Petitioner prays order of the Court declaring the liability for coverage

of both Weatherby-Eisenrich, Inc, and the Hudson Insurance Group for the full extent of the

coverage of Five Million Dollars in the excess policy and for such other and further relief as the

Court deems reasonable.

Respectfully Submitted:

Dick A. Blenden
BLENDEN LAW FIRM
Attorney at Law
208 W. Stevens
Carlsbad, New Mexico 88220
Phone (575) 887-2071
Fax (575) 885-6453
dblenden@pvtnetworks.net

4

# EXHIBIT "B"



# Corporations and Business Services
## New Mexico Secretary of State



## Search Information

🏠Home

### Entity Details

| | | | |
|---|---|---|---|
| Business ID#: | **5276020** | Status: | **Active** |
| Entity Name: | **POWER OF GRACE TRUCKING LLC** | Standing: | **Good Standing** |
| DBA Name: | **Not Applicable** | | |

### Entity Type and State of Domicile

| | | | |
|---|---|---|---|
| Entity Type: | **Domestic Limited Liability Company** | State of Incorporation: | **New Mexico** |
| Statute Law Code: | **53-19-1 to 53-19-74** | | |

### Formation Dates

### Reporting Information

### Period of Existence and Purpose and Character of Affairs

### Outstanding Items

Not Applicable

**Registered Agent:**

No Records Found.

**License:**

No Records Found.

### Contact Information

| | |
|---|---|
| Mailing Address: | |
| Principal Place of Business Anywhere: | **809 S DAL PASO, Hobbs, NM 88240** |
| Secondary Principal Place of Business Anywhere: | |
| Principal Office Outside of New Mexico: | **Not Applicable** |
| Registered Office in State of Incorporation: | |
| Principal Place of Business in Domestic State/ Country: | **Not Applicable** |
| Principal Office Location in NM: | **Not Applicable** |

### Registered Agent Information

| | |
|---|---|
| Name: | **JOSE DAVID OLIVAS** |

Geographical Location Address:

| | | | |
|---|---|---|---|
| Physical Address: | **809 S DAL PASO, Hobbs, NM 88240** | Mailing Address: | **809 S DAL PASO, Hobbs, NM 88240** |
| Date of Appointment: | **09/23/2016** | Effective Date of Resignation: | |

## Director Information

**Not Applicable**

## Officer Information

**Not Applicable**

## Manager Information

No Records to View.

## Member Information

| Title | Name | Address |
|---|---|---|
| Member | JOSE DAVID OLIVAS | 809 S DAL PASO, Hobbs, NM 88240 |
| Member | LOURDES M OLIVAS | 809 S DAL PASO, Hobbs, NM 88240 |

## Organizer Information

| Title | Name | Address |
|---|---|---|
| Organizer | JOSE DAVID OLIVAS | 809 S DAL PASO, Hobbs, NM 88240 |

## Incorporator Information

**Not Applicable**

## Trustee Information

**Not Applicable**

## Filing History

## License History

[Back] [Entity Name History] [Return to Search]

# EXHIBIT "C"

**EXHIBIT**

**1**

IN THE UNITED STATES COURT
WESTERN DISTRICT
PECOS DIVISION

| | | |
|---|---|---|
| MIGUEL LARA AND MARIA ESTELA LARA, Individually and as Independent Administrator of the Estate of Luis Antonio Lara, | § § § § § | |
| *Plaintiffs,* | § § | |
| STEPHANIE CORONADO, as Next Friend to A.L., a Minor, | § § § | CIVIL ACTION NO. 4:20-cv-00010 |
| *Plaintiff in Intervention,* | § § | |
| vs. | § § | |
| POWER OF GRACE TRUCKING, LLC, AND JOSE GUADALUPE PINA JACOBI, | § § § | |
| *Defendants.* | § § | |

## COMPLAINT IN INTERVENTION OF PLAINTIFF STEPHANIE CORONADO, AS NEXT FRIEND TO A.L., A MINOR

Intervening Plaintiff, Stephanie Coronado, as Next Friend to A.L., a Minor, files this Original Complaint in Intervention under Rule 24 of the Federal Rules of Civil Procedure against Defendants, Power of Grace Trucking, LLC and Jose Guadalupe Pina Jacobi, and in support thereof, would show as follows:

### PARTIES

1.      Intervening Plaintiff Stephanie Coronado, as Next Friend to A.L., a Minor ("Ms. Coronado" or "Intervenor") is a Texas resident who resides with her minor son, A.L., in Glen Rose, Somervell County, Texas.  In November 2018, Luis Lara ("Luis" or "Decedent"), the father of A.L., moved from Glen Rose, Texas to Fort Stockton, Texas for work, leaving instructions with

Complaint in Intervention – Page 1

his parents, the Laras (identified below), to provide funds to Ms. Coronado for the care and support of A.L., his only child and sole heir. On December 8, 2019, Luis was killed in a vehicular wreck with a tractor-tanker combination operated by Defendants. Since that time, Ms. Coronado has received no financial support of any type from Luis Lara's estate or family. As A.L.'s mother, Ms. Coronado is solely and exclusively responsible for A.L.'s care and custody, and no one other than Ms. Coronado has the right to state A.L.'s interests or lay claim to those interests for A.L. In a probate proceeding pending in Somervell County, Texas, and also with this filing, Ms. Coronado has withdrawn and waived any independent claim she might have against the Defendants in this case, choosing instead to pursue only the interests of A.L and obtain for A.L. the greatest potential recovery possible. Ms. Coronado, as Next Friend to A.L., has arranged for her own, separate counsel from the Laras.

2.       Plaintiff Miguel Lara ("Mr. Lara") is a resident of Somervell County, Texas who was the father of decedent, Luis Lara. Mr. Lara has already appeared and answered herein and therefore may be served with a copy of this pleading by serving his counsel of record.

3.       Plaintiff Maria Estela Lara ("Ms. Lara") is a resident of Somervell County, Texas and was the mother of Luis Lara. On January 14, 2020, Maria Lara filed in Somervell County Court an Application for Letters of Administration without notifying Ms. Coronado. Instead, Ms. Lara chose to provide notice of the Application by courthouse posting, which the constable effected on January 15, 2020. On January 27, 2020, Ms. Lara filed a "Proof of Death and Other Facts" in support of her Application. The Somervell County Court subsequently ordered that Letters of Administration be issued. On January 30, 2020, Ms. Lara applied for the Court's permission to hire two attorneys to pursue a wrongful death action on behalf of the estate; that application was granted the same day, again without Ms. Coronado's knowledge or participation.

From the date of Luis Lara's death to this filing, neither Ms. Lara nor anyone else related to her or representing her interests revealed to Ms. Coronado that Ms. Lara intended to exercise control over Luis Lara's estate, despite (1) having multiple contacts and opportunities to discuss the matter; (2) Ms. Coronado's undisputed status as A.L.'s mother and natural guardian; and (3) Ms. Coronado's repeated requests to Ms. Lara to access the financial resources Luis Lara had left available for Ms. Coronado to use for the care and maintenance of their child. Ms. Lara has already appeared in this case and can be served with a copy of this pleading by serving her counsel of record.

4.      Collectively, Mr. Lara and Ms. Lara may be referred to as the "Laras."

5.      Defendant Power of Grace Trucking, LLC ("Grace Trucking") is an entity with its principal place of business located at 809 S. Dal Paso Street, Hobbs, New Mexico 88240. Grace Trucking has already appeared and answered herein and may be served with a copy of this pleading by serving its counsel of record.

6.      Defendant Jose Guadalupe Pina Jacobi ("Jacobi") is an individual who was and is a resident and citizen of the state of Mexico. Jacobi has already appeared and answered herein and may be served with a copy of this pleading by serving its counsel of record.

THE LARAS' ORIGINAL COMPLAINT

7.      On February 20, 2020, the Laras filed their Original Complaint against Defendants Jacobi and Grace Trucking. In their Original Complaint, the Laras alleged Defendant Jacobi was negligent and grossly negligent in operating a commercial tractor-tanker trailer that resulted in Luis' death. More specifically, on or about December 8, 2019, Luis was traveling northbound on State Highway 18 ("SH 18") in the right lane, when Defendants' commercial tractor-tanker trailer, driven by Defendant Jacobi, missed his intended location and traveled off the main

road onto the east ditch. Jacobi then suddenly and unexpectedly made an illegal, left u-turn across SH 18 North. Luis unavoidably collided into the left side of the tanker trailer on Northbound SH 18. Defendant Jacobi moved the tractor-tanker trailer to the east ditch of SH 18 and came to rest upright facing north on the east ditch of SH I 8. Luis' vehicle came to rest facing east upright underneath Defendants' vehicle in the east ditch of SH 18. At all times pertinent to this accident, Defendant Jacobi was operating the commercial vehicle within the course and scope of his employment with Defendant Grace Trucking, which was in furtherance of their business at all times during this accident. Following the accident, Defendant Jacobi was arrested for Criminally Negligent Homicide according to the investigation done to date and the findings of the officers in charge of the investigation. As a direct and proximate result of this incident, Luis was killed and A.L. lost his father.

8.     The Laras asserted causes of action against both Defendant Jacobi and Grace Trucking for negligence and gross negligence, wrongful death, and survivor claims. The Laras further asserted claims against Defendant Grace Trucking for negligent hiring, negligent training, negligent supervision, retention and monitoring, and respondeat superior. The Laras further asserted claims for exemplary damages, as well as all actual damages, pre- and post-judgment interest, court costs, and such other and further relief to which the Laras may be entitled to receive.

9.     On March 19, 2020, Defendants appeared and answered the claims asserted by the Laras in their Original Complaint.

## INTERVENOR'S CLAIMS

10.     Intervenor's claims arise from the same set of facts and involve the same common questions of law and fact as those asserted by the Laras against the Defendants.

Specifically, A.L. lost his father based on the Defendants' negligent and grossly negligent acts.

As the sole and only heir to Luis, A.L. has a right to recover survivor and/or wrongful death

damages from Defendants based on their negligent and grossly negligent acts.

11.     Intervenor's claims do not disturb or alter the diversity-jurisdiction present in this

case.

A.     NEGLIGENCE AGAINST ALL DEFENDANTS

12.     Luis, A.L.'s father, was killed because of Defendants' negligence and gross

negligence when Defendants, among other things:

a.   Failed to use the knowledge and skills necessary to operate a commercial
     motor vehicle safely;

b.   Failed to use proper visual search methods;

c.   Failed to properly train their driver;

d.   Failed to use proper hazard perception techniques;

e.   Failed to maintain a safe distance;

f.   Failed to keep a proper lookout;

g.   Failed to take reasonable evasive action to avoid causing a wreck;

h.   Failed to conduct safe lane changes;

i.   Caused the occurrence made the basis of this lawsuit;

j.   Performed an illegal u-turn directly in front of Luis Lara's truck;

k.   Failed to properly maintain and repair a tractor-trailer tanker in active
     service; and

l.   Other acts deemed negligent and grossly negligent.

13.     Defendants' above-cited negligence were direct and proximate causes of the

occurrence and resulting injuries and death.

**B.      NEGLIGENT HIRING AGAINST POWER OF GRACE TRUCKING, LLC**

14.     Among other things, Luis was killed as a result of Defendant's negligent hiring

because of Defendant Power of Grace's:

> a.     Failure to conduct a reasonable and adequate interview of its driver as a
> potential employee;
>
> b.     Failure to properly follow up on information not provided by its driver in the
> interview process;
>
> c.     Failure to conduct a proper employment and background check;
>
> d.     Failure to sufficiently investigate its driver's training, prior employment,
> criminal record and past;
>
> e.     Failure to perform the required screening, testing and assessment of the
> physical condition of its employee;
>
> f.     Failure to adopt proper policies and procedures regarding the interview of a
> potential employee who would be driving a truck on the highways of the
> State of Texas;
>
> g.     Failure to properly monitor and restrict on road driving time and adequate
> rest time between shifts; and
>
> h.     Such other and further acts of negligence as may be shown in the trial of the
> cause as discovery progresses.

**C.      NEGLIGENT TRAINING AGAINST POWER OF GRACE TRUCKING, LLC**

15.     Luis Lara was killed as a result of Grace Trucking's negligent training because of,

among other things, its:

> a.     Failure to explain and demonstrate its safety policies and procedures to
> its driver;

      b.     Failure to provide the necessary training to its driver regarding driving this vehicle, vehicle safety, safety classes, how to properly and safely drive the vehicle, the proper method to maintain a vehicle, the proper way and the necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of a vehicle and the maintenance of vehicle in various situations;

      c.     Failure to properly train its driver regarding all aspects of driver safety;

      d.     Failure to train its employees, including its driver, regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstances;

      e.     Failure to provide and/or require regular follow-up driver education and training; and

      f.     Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

**D.**    **NEGLIGENT SUPERVISION, RETENTION, AND MONITORING AGAINST GRACE TRUCKING**

    16.    Luis Lara was killed as a result of Grace Trucking's negligent supervision, retention and monitoring because of, among other things, its:

      a.     Failure to monitor its driver to make sure that he was complying with policies and procedures;

      b.     Failure to interview and test its driver to make sure he had read, was familiar with, understood, and followed the company policies and procedures;

      c.     Failure to implement proper policies and procedures for its employees, including its driver, regarding driver safety and vehicle safety;

      d.     Failure to document and make a determination regarding fault in the accident made the basis of this suit;

      e.     Failure to supervise its driver to ensure that he was keeping the vehicle properly maintained; and

      f.     Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

17.     As a result of Defendant Jacobi's negligent and grossly negligent conduct, which Defendant Grace Trucking sanctioned, Luis suffered severe physical injuries. Intervenor is entitled to recover for Luis' injuries and the mental anguish and pain and suffering that occurred before his death. Defendant Jacobi's actions were done with a reckless disregard to a substantial risk of severe bodily injury and Defendant Grace Trucking allowed Defendant Jacobi's grossly-negligent conduct. Consequently, Ms. Coronado, as Next Friend to A.L., is entitled to recover exemplary damages from Defendants Jacobi and Grace Trucking.

E.     RESPONDEAT SUPERIOR AGAINST DEFENDANT GRACE TRUCKING

18.     When the collision forming the basis of this lawsuit happened and immediately before then, Defendant Jacobi was within the course and scope of his employment for Defendant Grace Trucking, was engaged in the furtherance of Grace Trucking's business, and was engaged in accomplishing a task for which Defendant Jacobi was employed by Grace Trucking.

19.     Therefore, Plaintiff invokes the doctrine of Respondeat Superior against Defendant Grace Trucking.

F.     WRONGFUL DEATH

20.     As Next Friend of the child of Luis Lara, Intervenor asserts a claim against Defendants for wrongful death under Section 71.004 of the Texas Civil Practice and Remedies Code. Specifically, A.L. is the sole child and the only heir to Luis. Consequently, Intervenor is entitled to recover all damages justly and rightly due to A.L. as a result of Luis' death caused by Defendants.

### G.   GROSS NEGLIGENCE AND EXEMPLARY DAMAGES

21.    Defendants' acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Luis. Defendants had actual, subjective awareness of the risk involved in the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs, Luis Lara, and others. Defendants are liable for gross negligence.

22.    Based on the facts stated herein, Intervenor requests recovery of exemplary damages from Defendants.

### PRAYER

23.    Therefore, Intervenor respectfully prays that upon a final hearing and/or trial of this case, judgment be entered for Intervenor against Defendants, jointly and severally, for actual damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate; exemplary damages; costs of court; and such other and further relief to which Intervenor may be entitled to receive at law or in equity.

Respectfully submitted,

By: _____

Jack Stick
State Bar No. 00795156
VerisLaw, P.L.L.C.
Suite E240/624
3801 N. Capitol of Texas Hwy
Austin, Texas 78746
Tel: (512) 710-6000
Fax: (512) 717-7230
E-mail: jstick@verislaw.net


Michael S. Alfred
State Bar No. 24014416
Hallett & Perrin, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
(214) 922-4118 telephone
(214) 922-4142 fax
malfred@hallettperrin.com

*Counsel for Intervening Plaintiff, Stephanie Coronado, as Next Friend to A.L., a minor*


## CERTIFICATE OF SERVICE

I certify I served a true and correct copy of the foregoing motion was served on all counsel of record on May 20, 2020 via the Court's electronic filing system.

_____

Michael S. Alfred

# EXHIBIT "D"

FILED
5th JUDICIAL DISTRICT COURT
Lea County
1/22/2021 9:57 AM
NELDA CUELLAR
CLERK OF THE COURT
Cory Hagedoorn

STATE OF NEW MEXICO
COUNTY OF LEA
FIFTH JUDICIAL DISTRICT COURT

POWER OF GRACE TRUCKING, LLC

      Petitioner,

vs.

WEATHERBY-EISENRICH AGENCY, INC
and HUDSON INSURANCE COMPANIES

      Respondents,

AND

MARIA ESTELA LARA, Independent
Administrator of the Estate of Luis
Antonio Lara, MIGUEL H. LARA and
STEPHANIE CORONADO as Next Friend to A.L., a Minor

      Respondents.

D-506-CV-2021-00040
Case assigned to Stone, Michael H.

## PETITION FOR DECLARATORY JUDGMENT

**COMES NOW,** Petitioner, Power of Grace Trucking Company, LLC, a New Mexico

Limited Liability Corporation and files its Petition for Declaratory Judgement pursuant to

Section 44-6-1 et.seq. NMSA and Petitions this Court to declare the rights of the parties set forth

herein:

1.     Power of Grace Trucking, LLC, is a New Mexico Limited Liability Corporation with

principal offices in Hobbs, Lea County, New Mexico.

2.     Weatherby-Eisenrich Agency, Inc is a Texas Corporation authorized to do business in the

1

State of New Mexico, and is the agent of Petitioner involved in the issuance of both the primary and excess liability policies for Oil Field Trucking Firms, whose agent for service of Process is the Corporation Service Company, 125 Lincoln ave, Ste 223, Santa Fe, New Mexico 87501.

3.      Hudson Insurance Group and its progeny are the Insurance Companies that issued policies of insurance covering the Petitioner and its trucks operating in both New Mexico and Texas, whose agent for service of process is the New Mexico Superintendent of Insurance, 4th Floor, 1120 Paseo De Peralta Santa Fe, NM 87501.

4.      The remaining Defendants in this action, MARIA ESTELA LARA, Independent Administrator of the Estate of Luis Antonio Lara, MIGUEL H. LARA, and STEPHANIE CORONADO as Next Friend to A.L., a Minor, are the Plaintiffs and intervenors in Civil Action No.4:20-cv-00010-DC-DF, pending in the United States District for the Western District of Texas and are necessary parties to this Declaratory Judgment Action, although no orders of the Court are necessary against these Defendants.

5.      This Court has jurisdiction over the parties and the subject matter and venue is proper in this Court.

6.      On December 8, 2019, Luis Antonio Lara, was traveling northbound on SH 18 in Pecos County, Texas, when Power of Grace's commercial tractor-tanker trailer, driven by Jose Guadalupe Pina Jacobi, traveled off the main road onto the east ditch and made an illegal left U-turn across SH 18 proximately causing a collision in which Luis Antonio Lara was killed.

7.      Previously Petitioner had employed Weatherby-Eisenrich Agency, Inc as its agent for the purpose of liability insurance coverage on its trucks in both Texas and New Mexico. Respondent agency was told of the necessary coverage for the Petitioner to have on its trucks to comply with

2

its customers' requirements. Additionally, Weatherby-Eisenrich Agency, Inc was already aware of the necessary coverage through their long history of writing liability policies for oil field related companies in Andrews County, Texas. Hudson Insurance provided both the primary and umbrella policy to Power of Grace which covers the liability for the wreck referenced above.

8.      Respondent Weatherby-Eisenrich Agency, Inc wrote policies of insurance with Hudson Insurance Group for One Million Dollar primary coverage for Petitioner and a Five Million Dollar umbrella coverage.  The primary and umbrella coverage was necessary for the Petitioner to provide to its customers in order to maintain its business.

9.      Respondent Weatherby-Eisenrich Agency, Inc delivered to Petitioner a certificate of insurance, which said certificate was sufficient to be supplied to the customers of the Petitioner for their approval and which was in fact approved by the customers.

10.     The Application for the primary and excess/umbrella policy clearly shows a request for insurance to be an umbrella for a truck insurance policy, and that the request shows excess coverage was needed for Petitioner's heavy truck-tractors.   Further, the quote information from Hudson Insurance Company for the excess/umbrella policy shows coverage for "oil or gas lease site transport or delivery of fresh or salt water" and "oil or gas production wells, vacuum or tank truck services at oil or gas lease sites, including transporting and disposal of waste water and other liquids to approved disposals sites

11.     The representation of both Hudson Insurance Companies and Weatherby-Eisenrich Agency, Inc confirm there is coverage under the primary and excess policy.

12.     Upon the filing of a complaint for the death of Luis Antonio Lara as alleged, Petitioner was advised that there was no coverage for the excess Five Million Dollar coverage.    This was

3

the first that Petitioner had been made aware of the claims of both Hudson's Insurance
Companies and Weatherby-Eisenrich Agency, Inc. regarding the excess policy.

13.     Petitioner moves this Court to declare that Respondent Weatherby-Eisenrich Agency, Inc
is liable for the coverage for the excess policy limits of Five Million Dollars for their
representation to Petitioner that they had provided that coverage, and that Hudson Insurance
Group is liable for the coverage for the Five Million Dollars excess coverage because of their
agent delivering to Petitioner a certificate indicating that such coverage existed.

     **WHEREFORE**, Petitioner prays order of the Court declaring the liability for coverage
of both Weatherby-Eisenrich Agency, Inc, and the Hudson Insurance Group for the full extent of
the coverage of Five Million Dollars in the excess policy and for such other and further relief as
the Court deems reasonable.

                                        Respectfully Submitted:


                                        Dick A. Blenden
                                        BLENDEN LAW FIRM
                                        Attorney at Law
                                        208 W. Stevens
                                        Carlsbad, New Mexico 88220
                                        Phone (575) 887-2071
                                        Fax (575) 885-6453
                                        dblenden@pvtnetworks.net

                                        4

# EXHIBIT "E"

FILED
5th JUDICIAL DISTRICT COURT
Lea County
3/8/2021 3:00 PM
NELDA CUELLAR
CLERK OF THE COURT
Sandy Long

FIFTH JUDICIAL DISTRICT COURT
COUNTY OF LEA
STATE OF NEW MEXICO

D-506-CV-2021-40

POWER OF GRACE TRUCKING, LLC

      Petitioner,

Vs.

WEATHERBY-EISENRICH AGENCY, INC
And HUDSON INSURANCE COMPANIES

      Respondents,

AND

MARIA ESTELA LARA, Individually and as
Independent Administrator of the Estate of Luis
Antonio Lara, and MIGUEL H. LARA and
STEPHANIE CORONADO as Next of Friend to A.L., a Minor

      Respondents.

## MOTION FOR *PRO HAC VICE*
### ADMISSION OF RICKEY J. BRANTLEY, AND ALEX PELLEY, OF THE LAW OFFICES OF BRANTLEYPELLEY, PLLC.

**COMES NOW,** the Respondents and co-counsel form and pursuant to Rule 1-089.1A of

the New Mexico Rules of Civil Procedure for the District Court, hereby moves for the

admission of RICKEY J. BRANTLEY, and ALEX PELLEY, of the Law Offices of

BRANTLEYPELLEY, PLLC., pro hac vice in order for them to appear in this case on behalf of

the Respondents.

Undersigned Counsel has conferred with Counsel for Petitioner regarding the Motion and

Petitioner's Counsel has no objection to the admission of RICKEY J. BRANTLEY and ALEX

PELLEY, of the Law Offices of BRANTLEYPELLEY, PLLC., pro hac vice in the within

matter.

By the Affidavit of RICKEY J. BRANTLEY and ALEX PELLEY, submitted herewith, movant respectfully shows that  RICKEY J. BRANTLEY and ALEX PELLEY, are members in good standing of, and RICKEY J. BRANTLEY, has been admitted to practice in the State Courts of Texas and the State of Colorado, and RICKEY J. BRANTLEY, Texas Bar Number is No. 02899730. ALEX PELLEY has been admitted to practice in the State Courts of Texas, ALEX PELLEY Texas Bar Number is No. 24079121.

WHEREFORE, RICKEY J. BRANTLEY, and ALEX PELLEY, respectfully request the Court to admit pro hac vice, in order to allow them to appear on a special and limited basis to represent the interest of Respondents in this matter.

RESPECTFULLY SUBMITTED BY:

MAX HOUSTON PROCTOR
728 West Silver
Hobbs, NM 88240
maxproctorlaw@gmail.com

STATE OF NEW MEXICO
COUNTY OF LEA
FIFTH JUDICIAL DISTRICT COURT


POWER OF GRACE TRUCKING, LLC

       Petitioner,

vs.

WEATHERBY-EISENRICH AGENCY, INC
and HUDSON INSURANCE COMPANIES        D-506-CV-2021-00040
                            Case Assigned to Stone, Michael H.

       Respondents,

AND

MARIA ESTELA LARA, Individually and as
Independent Administrator of the Estate of Luis
Antonio Lara, and MIGUEL H. LARA and
STEPHANIE CORONADO as Next Friend to A.L., a Minor

       Respondents.

## ANSWER TO PETITION FOR DECLARATORY JUDGMENT

    **COMES NOW,** Respondents MARIA ESTELA LARA, Individually and as Independent Administrator of the Estate of Luis Antonio Lara, and MIGUEL H. LARA and file their response to the Petition for Declaratory Judgment pursuant to Section 44-6-1 et.seq. and Petitions this Court to declare the rights of the parties set forth herein:

1.    Respondents admit the allegations in Paragraph 1 in the Petition for Declaratory Judgment.

2.    Respondents admit the allegations in Paragraph 2 in the Petition for Declaratory Judgment.

3.    Respondents admit the allegations in Paragraph 3 in the Petition for Declaratory Judgment.

4.      Respondents admit the allegations in Paragraph 4 in the Petition for Declaratory Judgment.

5.      Respondents admit the allegations in Paragraph 5 in the Petition for Declaratory Judgment.

6.      Respondents admit the allegations in Paragraph 6 in the Petition for Declaratory Judgment.

7.      Respondents admit the allegations in Paragraph 7 in the Petition for Declaratory Judgment.

8.      Respondents admit the allegations in Paragraph 8 in the Petition for Declaratory Judgment.

9.      Respondents admit the allegations in Paragraph 9 in the Petition for Declaratory Judgment.

10.     Respondents admit the allegations in Paragraph 10 in the Petition for Declaratory Judgment.

11.     Respondents admit the allegations in Paragraph 11 in the Petition for Declaratory Judgment.

12.     Respondents admit the allegations in Paragraph 12 in the Petition for Declaratory Judgment.

13.     To the extent permitted, as a necessary party to this matter, these Respondents assert that the Hudson Insurance excess policy and primary policy provide liability insurance for Petitioner which covers the wreck involving these Respondents and which is the subject of Cause Number 4:20-cv-00010-DC-DF pending in the Western District of Texas. To the extent this is a compulsory cross claim or counterclaim under the New Mexico Rules of Civil Procedure, this is alleged as a cross claim or compulsory counterclaim.

14.     To the extent permitted, as a necessary party to this matter, these Respondents assert that WEATHERBY-EISENRICH AGENCY, INC made  representations to Petitioner that the Hudson Insurance excess policy and primary policy would provide liability insurance for Petitioner for the type of  wreck involving these Respondents and which is the subject of Cause Number 4:20-cv-00010-DC-DF pending in the Western District of Texas. To the extent this is a compulsory cross claim or counterclaim under the New Mexico Rules of Civil Procedure, this is alleged as a cross claim or compulsory counterclaim.

15.     To the extent permitted, as a necessary party to this matter, these Respondents assert that the Hudson Insurance excess policy and primary policy provide liability insurance for Petitioner which covers the wreck involving these Respondents and which is the subject of Cause Number 4:20-cv-00010-DC-DF pending in the Western District of Texas. Hudson is estopped from denying this.

16.     To the extent permitted, as a necessary party to this matter, these Respondents assert that WEATHERBY-EISENRICH AGENCY, INC made representations to Petitioner that the Hudson Insurance excess policy and primary policy would provide liability insurance for Petitioner for the type of wreck involving these Respondents and which is the subject of Cause Number 4:20-cv-00010-DC-DF pending in the Western District of Texas. WEATHERBY-EISENRICH AGENCY, INC is estopped from denying this.

17.     Hudson Insurance has waived any alleged claim that coverage was not provided under both policies by the actions of itself and its agents.

18.     Weatherby-Eisenrich Agency has waived any alleged claim that coverage was not provided under both policies by the actions of itself and its agents.

19.     Attached hereto are the affidavits of Rickey J. Brantley (Exhibit "A") and Alex Pelley (Exhibit "B") pursuant to the requirements set out by 24-106 NMRA .

        WHEREFORE, Respondents pray order of the Court declaring the liability of both Weatherby-Eisenrich Agency, Inc, and the Hudson Insurance Group for the full extent of the coverage of Five Million Dollars in the excess policy and for such other and further relief as the Court deems reasonable.

Respectfully submitted,

/s/Max Proctor

Max Proctor
728 W Silver Dr
Hobbs, NM, 88240-2231
Telephone:  (575) 392-1521
Telecopier:    (575) 392-1522

RICKEY J. BRANTLEY
Rickey@rickeybrantley.com
State Bar No. 02899730
ALEX PELLEY
Alex@rickeybrantley.com

State Bar No. 24079121
BRANTLEYPELLEY, PLLC
855 Texas Street #100
Fort Worth, Texas 76102
Telephone: 817/882.8220
Telecopier: 817/882.8209

## CERTIFICATE OF SERVICE

I hereby certify that on this _8th_ day of ~~February~~ *March*, 2021, a true and correct copy of the forgoing was delivered as follows:

Dick A. Blenden
Blenden Law Firm
Attorney at Law
208 W. Stevens
Carlsbad, New Mexico 88220

Max Proctor

## AFFIDAVIT OF RICKEY J. BRANTLEY

STATE OF TEXAS                                                §
                                                             §
COUNTY OF TARRANT                                            §

BEFORE ME, the undersigned authority, appeared Rickey J. Brantley, who upon his oath

stated the following:

1.    "My name is Rickey J. Brantley. I am over 18 years of age, of sound mind, and am otherwise competent to make this affidavit. This affidavit is for the purposes of satisfying and complying with Rule 24-106 NMRA. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2.    I am licensed to practice law by the State of Texas and in good standing with the State of Texas.

3.    I am licensed to practice law by the State of Colorado and in good standing with the State of Colorado.

4.    I have not been disciplined, suspended, or disbarred in any jurisdiction.

5.    I have not had a pro have a pro hac vice admission revoked in any jurisdiction.

6.    I will comply with the applicable statutes, laws and procedural ruled of the State of New Mexico.

7.    I will comply with the Rules of Professional Conduct, The Rules of Governing Discipline, The Rules Governing the New Mexico Bar, and the rules governing civil, criminal, and appellate procedure approved by the Supreme Court, and will submit to the jurisdiction of the New Mexico courts and Disciplinary Board with respect to acts and omissions occurring during my admission under 24-106 NMRA and with respect to the requirements of Rules 1-089, 2-107, 3-107, 5-108, 12-302, 16-104(C) and 24-106 NMRA.

FURTHER AFFIANT SAYETH NOT."

_____
Rickey J. Brantley

SUBSCRIBED AND SWORN TO BEFORE ME by Rickey J. Brantley, on this the ___ day of _____, 2021, to certify which witness my hand and seal of office.

CATHIE L SMITH
My Notary ID # 1225855
Expires September 4, 2023

_____
Notary Public in and for the State of Texas

## AFFIDAVIT OF ALEX PELLEY

STATE OF TEXAS                                     §
                                                   §
COUNTY OF TARRANT                                  §

BEFORE ME, the undersigned authority, appeared Alex Pelley, who upon his oath stated the

following:

1.  "My name is Alex Pelley.  I am over 18 years of age, of sound mind, and am
    otherwise competent to make this affidavit.  This affidavit is for the purposes of
    satisfying and complying with Rule 24-106 NMRA.  The facts stated in this affidavit
    are within my personal knowledge and are true and correct.

2.  I am licensed to practice law by the State of Texas and in good standing with the
    State of Texas.

3.  I have not been disciplined, suspended, or disbarred in any jurisdiction.

4.  I have not had a pro have a pro hac vice admission revoked in any jurisdiction.

5.  I will comply with the applicable statutes, laws and procedural rules of the State of
    New Mexico.

6.  I will comply with the Rules of Professional Conduct, The Rules of Governing
    Discipline, The Rules Governing the New Mexico Bar, and the rules governing civil,
    criminal, and appellate procedure approved by the Supreme Court, and will submit
    to the jurisdiction of the New Mexico courts and Disciplinary Board with respect to
    acts and omissions occurring during my admission under 24-106 NMRA and with
    respect to the requirements of Rules 1-089, 2-107, 3-107, 5-108, 12-302, 16-104(C)
    and 24-106 NMRA.

FURTHER AFFIANT SAYETH NOT."

_____
Alex Pelley

SUBSCRIBED AND SWORN TO BEFORE ME by Alex Pelley, on this the _____ day of
_____, 2021, to certify which witness my hand and seal of office.

CATHIE L SMITH
My Notary ID # 1225856
Expires September 4, 2023

_____
Notary Public in and for the State of Texas



**STATE BAR**
of NEW MEXICO

Office of the General Counsel
PO Box 92860, Albuquerque, NM 87199-2860
5121 Masthead St NE, Albuquerque, NM 87109

Office Use Only
ID#: 15B16
CAID#: _____
Registration: 18V

# REGISTRATION CERTIFICATE OF NON-ADMITTED LAWYER
(Admission Pro Hac Vice)

I, Rickey Joe Brantley _____ (Non-admitted Lawyer), certify pursuant to Rule 24-106 NMRA the following:

## Attorney Information

Attorney's Name: Rickey Joe Brantley

Attorney's Firm: BrantleyPelley, PLLC

Street: 855 Texas Street, Suite 100

City, State, Zip: Fort Worth, TX, 76102

Telephone: 8178828220

E-mail: rickey@rickeybrantley.com

## Action/Suit/Proceeding or Matter
**Bold/Underlined Required**

Title of case/Client Name/Identifier: Power of Grace, LLC vs. Hudson Insurance, et al

Local Counsel: Max Proctor, 728 W Silver Dr, Hobbs, NM 88240

Case # (if any): D-506-CV-2021-00040

Court (if any): 5th Judicial District Court

## Attorney Certification (check all that apply)

1. ☒ I am admitted or licensed as an attorney in good standing in: Texas, Colorado
   Enclosed is a Certificate of Good Standing from every State or Country in which I am admitted.
2. ☒ I have not been disciplined, suspended, or disbarred in any jurisdiction.
3. ☒ I have not had a pro hac vice admission revoked in any jurisdiction
   If you have been disciplined, suspended, or had a pro hac vice admission revoked in any jurisdiction, you must submit the details of the same to the Disciplinary Board for investigation and recommendation to the court in which you seek to practice pro hac vice. (see 24-106 (C) NMRA)
4. ☒ I will comply with applicable statues, laws and procedural rules of the State of New Mexico.
5. ☒ I will comply with the applicable rules as noted in Rule 24-106 (B) (5) NMRA
6. ☒ I will submit to the jurisdiction of the New Mexico courts and the Disciplinary Board with respect to acts and omissions occurring during my admission under this rule.
7. ☒ I am submitting my 1st _____ registration certificate of this calendar year, including corresponding fee of:
   1st-5th
   ☒ $450 1st   ☐ $275 2nd   ☐ $275 3rd   ☐ $275 4th   ☐ $275 5th
8. ☐ I am making a Rule 24-106 (D) NMRA fee waiver certification. (Explanation attached)

Attorney Signature

## Notary Stamp

CATHIE L SMITH
My Notary ID # 1225855
Expires September 4, 2023

STATE of Texas )
                )ss.
County of Tarrant )

SUBSCRIBED AND SWORN TO before me this 23 day of Feb 20 21

by Rickey Joe Brantley . My commission expires: 9-4-23

NOTARY PUBLIC

## Credit Card

Credit Card #: _____

Name on Card: Rickey J. Brantley

Email Address for receipt: cathie@rickeybrantley.com

Exp. Date: 05/23

Zip Code 76102

FOR OFFICE USE ONLY
PAID   VS
FEB 2 6 2021   $450

**Return registration certificate to the address above with your check or pay by credit card and secured fax to 866-767-7281.**
2/20



**S**TATE **B**AR
of NEW MEXICO

Office of the General Counsel
PO Box 92860, Albuquerque, NM 87199-2860
5121 Masthead St NE, Albuquerque, NM 87109

<table>
<tr><td>Office Use Only</td></tr>
<tr><td>ID#: 154816</td></tr>
<tr><td>CAID#: _____</td></tr>
<tr><td>Registration: 188</td></tr>
</table>

## REGISTRATION CERTIFICATE OF NON-ADMITTED LAWYER

(Admission Pro Hac Vice)

I, Rickey Joe Brantley _____ (Non-admitted Lawyer), certify pursuant to Rule 24-106 NMRA the following.

### Attorney Information

| | |
|---|---|
| Attorney's Name: Rickey Joe Brantley | City, State, Zip: Fort Worth, TX. 76102 |
| Attorney's Firm: BrantleyPelley, PLLC | Telephone: 8178828220 |
| Street: 855 Texas Street, Suite 100 | E-mail: rickey@rickeybrantley.com |

### Action/Suit/Proceeding or Matter
Bold/Underlined Required

Title of case/Client Name/Identifier: Power of Grace, LLC vs. Hudson Insurance, et al

Local Counsel: Max Proctor, 728 W Silver Dr, Hobbs, NM 88240

| | |
|---|---|
| Case # (if any): D-506-CV-2021-00040 | Court (if any): 5th Judicial District Court |

### Attorney Certification (check all that apply)

1. ☑ I am admitted or licensed as an attorney in good standing in: Texas, Colorado
   Enclosed is a Certificate of Good Standing from every State or Country in which I am admitted.
2. ☑ I have not been disciplined, suspended, or disbarred in any jurisdiction.
3. ☑ I have not had a pro hac vice admission revoked in any jurisdiction
   If you have been disciplined, suspended, disbarred, or had a pro hac vive admission revoked in any jurisdiction, you must submit the details of the same to the Disciplinary Board for investigation and recommendation to the court in which you seek to practice pro hac vice. (see 24-106 (C) NMRA).
4. ☑ I will comply with applicable statues, laws and procedural rules of the State of New Mexico.
5. ☑ I will comply with the applicable rules as noted in Rule 24-106 (B) (5) NMRA
6. ☑ I will submit to the jurisdiction of the New Mexico courts and the Disciplinary Board with respect to acts and omissions occurring during my admission under this rule.
7. ☑ I am submitting my _1st_ _____ registration certificate of this calendar year. Including corresponding fee of:

   1st–5th
   ☑ $450 1st    ❏ $275 2nd    ❏ $275 3rd    ❏ $275 4th    ❏ $275 5th
8. ❏ I am making a Rule 24-106 (D) NMRA fee waiver certification. (Explanation attached)

_____
Attorney Signature

### Notary Stamp

CATHIE L SMITH
My Notary ID # 1225855
Expires September 4, 2023

STATE of Texas          )
                        )ss.
County of Tarrant       )

SUBSCRIBED AND SWORN TO before me this 23 day of Feb 20 21

by Rickey Joe Brantley . My commission expires: 9-4-23

_____
NOTARY PUBLIC

### Credit Card

Credit Card #: _____    Exp. Date: 05/23

Name on Card: Rickey J. Brantley    Zip Code: 76102

Email Address for receipt: cathie@rickeybrantley.com

| FOR OFFICE USE ONLY |
|---|
| **PAID**  VS |
| FEB 2 6 2021  $450 |

**Return registration certificate to the address above with your check or pay by credit card and secured fax to 866-767-7281.**

2/20

# EXHIBIT "F"

FILED
5th JUDICIAL DISTRICT COURT
Lea County
3/17/2021 9:38 AM
NELDA CUELLAR
CLERK OF THE COURT
Cory Hagedoorn

**SUMMONS**

| | |
|---|---|
| District Court: Fifth Judicial<br>Lea County, New Mexico<br>Court Address: 100 North Main<br>Lovington, NM 88260<br><br>Court Telephone Number.: (575) 396-8571 | Case Number: D-506-CV-2021-00040<br><br><br><br>Judge: Michael H. Stone |
| Plaintiff(s): Power of Grace Trucking, LLC<br>v.<br>Defendant(s): Weatherby-Eisenrich Agency, Inc<br>and Hudson Insurance Companies and Maria Estela<br>Lara, Independent Administrator of the Estate of<br>Luis Antonio Lara, Miguel H. Lara and<br>Stephanie Coronado as next friend to A.L., a Minor | Defendant:<br>Hudson<br>Insurance<br>Companies<br>Address: Agent of Process New Mexico<br>Superintendent of Insurance,<br>4th Floor, 1120 Paseo De Peralta Santa Fe, NM<br>87501. |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1.     A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.     You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) **The Court's address is listed above.**

3.     You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.     If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.     You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.     If you need an interpreter, you must ask for one in writing.

7.     You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

Dated at Lea County, New Mexico, this 27th day of January, 2021.

CLERK OF COURT

By:

Deputy

Attorney for Plaintiff: Dick A. Blenden
Address: 208 W. Stevens
Carlsbad, NM 88220
Telephone No.: 575-887-2071
Fax No.: 575-885-6453
Email Address: dblenden@pvtnetworks.net

ORIGINAL: To Be Returned to Clerk of District Court for Filing.

**STATE OF NEW MEXICO**
**COUNTY OF LEA**
**FIFTH JUDICIAL DISTRICT COURT**


**POWER OF GRACE TRUCKING, LLC**

       **Petitioner,**

**vs.**                                                    **D-506-CV-2021-00040**

**WEATHERBY-EISENRICH AGENCY, INC**
**and HUDSON INSURANCE COMPANIES**

       **Respondents,**
**And**

**MARIA ESTELA LARA, Independent**
**Administrator of the Estate of Luis**
**Antonio Lara, MIGUEL H. LARA and**
**STEPHANIE CORONADO as Next Friend to A.L., a Minor**

       **Respondents.**

## <u>PROOF OF SERVICE</u>

    **COMES NOW** Dick A. Blenden attorney for Petitioner, Power of Grace Trucking, LLC

in the above numbered and styled cause of action, and hereby certifies to the court that service in

the above number styled cause was served upon, Hudson Insurance Companies to the Agent of

Process, New Mexico Superintendent of Insurance, 4th Floor, 1120 Paseo De Peralta Santa Fe, NM

87501, as shown by the certified mail receipt signed by Mariano Romero on February 12, 2021.

That said proof of service is made herewith pursuant to Rule 1-004 (E) 3 of the Rules of Civil

Procedure of the Districts Courts of Lea County New Mexico.

/s/ Dick A. Blenden 3/17/2021
BLENDEN LAW FIRM
208 W. Stevens Carlsbad, NM 88220
Telephone (575) 887-2071
Fax (575) 885-6453
dblenden@pvtnetworks.net

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

State B.O.M.
Office of Superintendent of Ins.
P.O. Box 1689
Santa Fe, N.M. 87501

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 6274 0274 1344 11

2. Article Number (Transfer from service label)

7011 0470 0000 9534 6533

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  MARIANO ROMERO    ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
                FEB 1 8 2021

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053        Domestic Return Receipt

# EXHIBIT "G"

FILED
5th JUDICIAL DISTRICT COURT
Lea County
4/5/2021 2:52 PM
NELDA CUELLAR
CLERK OF THE COURT
Sandy Long

STATE OF NEW MEXICO
COUNTY OF LEA
FIFTH JUDICIAL DISTRICT COURT

POWER OF GRACE TRUCKING, LLC,

                Petitioner,

v.

WEATHERBY-EISENRICH AGENCY, INC
and HUDSON INSURANCE COMPANIES,

                Respondents,

AND

MARIA ESTELA LARA, independent
Administrator of the Estate of Luis Antonio Lara,
MIGUEL H. LARA and STEPHANIE
CORONADO as Next Friend to A.L., a Minor

                Respondents.

Case No. D-506-CV-2021-00040

(Assigned to the Honorable Michael H. Stone)

## HUDSON INSURANCE COMPANY AND HUDSON SPECIALTY INSURANCE COMPANY'S ANSWER TO PETITION FOR DECLARATORY JUDGMENT

Respondents Hudson Insurance Company and Hudson Specialty Insurance Company (collectively, "Hudson") answer Power of Grace Trucking, LLC's Petition for Declaratory Judgment as follows:

1.     With respect to the allegations in Paragraph 1, Hudson admits that, upon information and belief, Power of Grace Trucking, LLC is a New Mexico Limited Liability Corporation with principal offices in Hobbs, Lea County, New Mexico.

2.     With respect to the allegations in Paragraph 2, Hudson admits that, upon information and belief, Weatherby-Eisenrich Agency, Inc is a Texas Corporation authorized to do business in the State of New Mexico. Hudson further admits that Weatherby-Eisenrich Agency, Inc. was Petitioner's agent who assisted Petitioner in procuring the insurance policies at issue in

this action. Hudson lacks sufficient information to admit or deny the remaining allegations in Paragraph 2.

3.       With respect to the allegations of Paragraph 3, Hudson Insurance Company and Hudson Specialty Insurance Company affirmatively allege that "Hudson Insurance Group" is not a proper party to this action. Hudson Insurance Group is not an entity that is capable of suing or being sued; this is merely a trade name. Hudson Specialty Insurance Company admits that it issued a Commercial General Liability Policy (Policy No. WSC19000152) to Power of Grace Trucking, LLC with effective dates of 1/22/2019 to 1/22/2020.   In addition, Hudson Specialty Insurance Company admits that it issued a Umbrella/Excess Policy (Policy No. WSU19000074) to Power of Grace Trucking, LLC with effective dates of 1/22/2019 to 1/22/2020 (the "Excess Policy"), which provides excess insurance coverage over the Commercial General Liability insurance policy. Neither the Commercial General Liability Policy, not the Excess Policy, provides coverage for the trucking accident described in Paragraph 6 of the Complaint.  Hudson otherwise denies the remaining allegations in Paragraph 3. Hudson Insurance Company admits that it issued a Commercial Motor Carrier Liability Policy (Policy No. WHNMT1920020)  to Power of Grace Trucking, LLC with effective dates of 3/12/20019 to 3/12/2020 (the "Auto Policy"). The Auto Policy provides Power of Grace Trucking, LLC with $1,000,000 in insurance limits for each "accident."

4.       With respect to the allegations in Paragraph 4, Hudson admits the allegations.

5.       With respect to the allegations in Paragraph 5, Hudson admits that this Court has jurisdiction over the parties and the subject matter and venue is proper.

6.       With respect to the allegations in Paragraph 6, Hudson admits that, upon information and belief, Power of Grace's commercial tractor trailer was involved in an accident that resulted in the death of Luis Antonio Lara. Hudson lacks sufficient knowledge concerning the remaining allegations set forth in Paragraph 6 and therefore denies same.

7.    Hudson lacks sufficient knowledge concerning the allegations contained in Paragraph 7 of the Petition and therefore denies the same.

8.    With respect to the allegations in Paragraph 8, Hudson admits that Weatherby-Eisenrich Agency, Inc. was Power of Grace Trucking's agent for the purpose of procuring the Hudson policies described in Paragraph 3, above. Hudson lacks sufficient knowledge concerning the remaining allegations set forth in Paragraph 8 and therefore denies same.

9.    Hudson lacks sufficient knowledge concerning the allegations contained in Paragraph 9 of the Petition and therefore denies the same.

10.    Hudson denies the allegations set forth in Paragraph 10 of the Petition. Power of Grace, with the assistance of Weatherby-Eisenrich Agency, Inc., submitted its first insurance application to Hudson on January 22, 2018. In that application, Power of Grace expressly sought only commercial general liability coverage and umbrella protection for excess commercial general liability exposures. Importantly, the umbrella section (also dated January 22, 2018) under the term "Underlying" lists "Automobile Liability" as "Exclude". When Power of Grace—again assisted by its agent, Weatherby—applied for renewal of its excess insurance coverage, it did not ask to expand the scope of its coverage.  Rather, the January 21, 2019 Renewal Application sought precisely the same coverage that the insured requested, and received, the previous year.

11.    With respect to the allegations in Paragraph 11, Hudson denies the allegations.

12.    Hudson lacks sufficient knowledge concerning the allegations contained in Paragraph 12 of the Petition and therefore denies same.

13.    With respect to Paragraph 13, Hudson denies that Petitioner is entitled to the declaratory relief sought against Hudson and denies that any agent of Hudson delivered the alleged certificate of insurance to Power of Grace. Hudson affirmatively alleges that it owes a duty to indemnify Power of Grace Trucking against claims arising from the December 2019 trucking accident under the terms of the Auto Policy, but it owes no duty to indemnify Power of Grace Trucking against those claims under the terms of the Excess Policy.

14.     Since discovery has not yet begun in this matter, and new or additional affirmative defenses may be discovered, Hudson reserves the right to amend this answer to include any additional affirmative defenses, if any become known during the course of discovery.

WHEREFORE, having fully answered the allegations of the Petition, Hudson prays that this Court enter a declaration that Petitioner is not entitled to the requested relief regarding Hudson, and that Hudson owes no duty to indemnify Power of Grace Trucking against those claims under the terms of the Excess Policy. Hudson asks that the claims against Hudson be dismissed with prejudice, that Petitioner takes nothing thereby, that Hudson be awarded its court costs incurred in this matter, and for such other and further relief as to this Court deems just and proper.

DATED April 5, 2021

CHRISTIAN DICHTER & SLUGA, P.C.

By:     */s/ Gena L. Sluga*
        Gena L. Sluga, SBN 147998
        2800 N. Central Avenue, Suite 860
        Phoenix, AZ 85004
        Tel: 602-792-1700
        Fax: 602-792-1710
        gsluga@cdslawfirm.com
        *Attorney for Hudson Insurance Company and*
        *Hudson Specialty Insurance Company*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFIY** that on April 5, 2021, a true copy of the foregoing was filed through the Odyssey File & Serve which caused all counsel of record to be served by electronic means.

Dick A. Blenden
BLENDEN LAW FIRM
208 W. Stevens
Carlsbad, NM 88220
Tel: (575) 887-2071
Fax: (575) 885-6453
dblenden@pvnetworks.net

By: */s/ Gena L. Sluga*

# EXHIBIT "H"

FILED
5th JUDICIAL DISTRICT COURT
Lea County
4/13/2021 11:54 AM
NELDA CUELLAR
CLERK OF THE COURT
Cory Hagedoorn

STATE OF NEW MEXICO
COUNTY OF LEA
FIFTH JUDICIAL DISTRICT COURT

POWER OF GRACE TRUCKING, LLC

      Petitioner,

vs.

WEATHERBY-EISENRICH AGENCY, INC
and HUDSON INSURANCE COMPANIES       D-506-CV-2021-00040
                                     Case Assigned to Stone, Michael H.

      Respondents,

AND

MARIA ESTELA LARA, Individually and as
Independent Administrator of the Estate of Luis
Antonio Lara, and MIGUEL H. LARA and
STEPHANIE CORONADO as Next Friend to A.L., a Minor

      Respondents.

## ENTRY OF APPEARANCE OF LEAD COUNSEL

TO THE HONORABLE JUDGE OF SAID COURT:

      COMES NOW, Respondents Maria Estella Lara, Individually and as Independent

Administrator of the Estate of Luis Antonio Lara, and Miquel H. Lara in the above-entitled

and numbered cause of action and files this *Entrance of Appearance of Lead Counsel*,

informing the Court of the appearance of Rickey J. Brantley and Alex Pelley of

BrantleyPelley, PLC lead counsel.

---

Respectfully submitted

/s/ Rickey J. Brantley
RICKEY J. BRANTLEY
Rickey@rickeybrantley.com
State Bar No. 02899730
ALEX PELLEY
Alex@rickeybrantley.com
State Bar No. 24079121
BrantleyPelley, PLLC
855 Texas Street #100
Fort Worth, Texas 76102
Telephone: 817/882.8220
Telecopier: 817/882-8209

Max Proctor
728 W Silver Dr
Hobbs, NM, 88240-2231
Telephone:  (575) 392-1521
Telecopier:   (575) 392-1522

**ATTORNEY RESPONDENTS**


## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of April, 2021, a true and correct copy of the forgoing was delivered as follows:

Dick A. Blenden
Blenden Law Firm
Attorney at Law
208 W. Stevens
Carlsbad, New Mexico 88220


Gena L. Sluga
SBN 147998
Christin Dichter & Sluga, P.C.
2800 N. Central Avenue, Suite 860

Phoenix, AZ 85004
Tel: 602-792-1700
Fax: 602-792-1710
gsluga@cdslawfirm.com
Attorney for Hudson Insurance Company and
Hudson Specialty Insurance Company

/s/ Rickey J. Brantley
Rickey J. Brantley

# EXHIBIT "I"

FILED
5th JUDICIAL DISTRICT COURT
Lea County
4/13/2021 3:19 PM
NELDA CUELLAR
CLERK OF THE COURT
Cory Hagedoorn

STATE OF NEW MEXICO
COUNTY OF LEA
FIFTH JUDICIAL DISTRICT COURT

POWER OF GRACE TRUCKING, LLC

      Petitioner,

vs.

WEATHERBY-EISENRICH AGENCY, INC.
and HUDSON INSURANCE COMPANIES

      Respondents,

AND

MARIA ESTELA LARA, Individually and as
Independent Administrator of the Estate of Luis
Antonio Lara, and MIGUEL H. LARA and
STEPHANIE CORONADO as Next Friend to A.L., a Minor

      Respondents.

D-506-CV-2021-00040
Case Assigned to Stone, Michael H.

## **CERTIFICATE OF WRITTEN DISCOVERY**

TO THE HONORABLE JUDGE OF SAID COURT:

      I, Rickey Brantley, counsel for Maria Estele Lara and Miguel H. Lara, hereby certify that

the following document has been served upon counsel of record for Respondents in the above-

styled and numbered cause on this the 13ᵗʰ day of Apr. , 2021:

      1.     First Request for Production to Respondent Hudson Ins. Company and Hudson
Special Ins. Company
      2.     First Interrogatories to Respondent Hudson Ins. Company and Hudson
Special Ins. Company.

---

Certificate of Written Discovery for RFP and ROGGS to Respondent       Page 1

I further certify and advise all interested parties that the original of each of the above-referenced written discovery documents has been and will continue to be retained by at the law firm of BRANTLEYPELLEY, PLLC at the undersigned's address.

Respectfully submitted,

/s/*Rickey J. Brantley*
RICKEY J. BRANTLEY
Rickey@rickeybrantley.com
State Bar No 899730
ALEX PELLEY
Alex@rickeybrantley.com
State Bar No. 24079121
BRANTLEYPELLEY, PLLC
855 Texas Street #100
Fort Worth, Texas 76102
Telephone: 817/882.8220
Telecopier: 817/882.8209

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was delivered, pursuant to the New Mexico Rules of Civil Procedure, to all counsel of record shown below on this, the ___13th___ day of April, 2021.

Dick A. Blenden
Blenden Law Firm
Attorney at Law
208 W. Stevens
Carlsbad, New Mexico 88220

Gena L. Sluga
SBN 147998
Christian Dichter & Sluga, P.C.
2800 N. Central Avenue, Suite 860
Phoenix, AZ 85004
Tel: 602-792-1700
Fax: 602-792-1710
gsluga@cdslawfirm.com
Attorney for Hudson Insurance Company and
Hudson Specialty Insurance Company

/s/*Rickey J. Brantley*
Rickey Brantley