# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

POWER OF GRACE TRUCKING, LLC,

    Plaintiff,

v.                                                        Case No. 2:21-cv-00356-KWR-GJF

WEATHERBY-EISENRICH, INC.,
HUDSON INSURANCE COMPANY,
HUDSON SPECIALTY INSURANCE COMPANY,
MARIA ESTELA LARA, MIGUEL H. LARA, and
STEPHANIE CORONADO,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Plaintiff Power of Grace Trucking, LLC's Motion to Remand to State Court **(Doc. 10),** Defendants Maria Estela Lara's and Miguel H. Lara's Motion to Remand to State Court **(Doc. 11),** Plaintiff's motion to supplement **(Doc. 13),** and Defendant Weatherby-Eisenrich, Inc's motion for leave to file surreply **(Doc. 22)**. Having reviewed the parties' briefs and applicable law, the Court finds that the motions to remand are well-taken and **GRANTED,** Plaintiff's Motion to Supplement is **GRANTED**, and Defendant Weatherby-Eisenrich's motion for leave to file surreply is **GRANTED.** This case is remanded back to the Fifth Judicial District Court, Lea County, State of New Mexico.

## BACKGROUND

This case involves an insurance coverage dispute. Plaintiff Power of Grace Trucking was sued for wrongful death in the Western District of Texas. Defendant Weatherby is a Texas-based insurance broker. Plaintiff hired Weatherby to help it purchase insurance related to its trucking

business.  Weatherby procured a $1 million primary policy and $5 million excess/umbrella policy, issued by Defendant Hudson.

In December 2019, Luis Lara was traveling in Texas when he was struck by Plaintiff Power of Grace's tractor trailer.  Luis Lara died.  Marie Estela Lara and Miguel Lara (the "Lara Defendants") sued Plaintiff Power of Grace Trucking in the Western District of Texas.

This declaratory action was filed in the Fifth Judicial District, Lea County, State of New Mexico, on January 22, 2021.  Plaintiff seeks a declaration that Weatherby and Hudson are liable for $5,000,000 under the umbrella policy.

Defendant Weatherby removed this case on April 19, 2021.  Both Plaintiff and the Lara Defendants filed motions to remand this case to state court on May 6, 2021.

## LEGAL STANDARDS

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  A notice of removal must be filed within thirty days after receipt by the defendant of a copy of a pleading or other paper from which it may first be ascertained that the case is one which is removable.  28 U.S.C. § 1446(b).  "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

"The failure of one defendant to join in [or consent to] the notice renders the removal notice procedurally defective, which requires that the district court remand the case." *Brady v. Lovelace Health Plan*, 504 F.Supp.2d 1170, 1172–73 (D.N.M.2007) (quoting *Cornwall v. Robinson*, 654

F.2d 685, 686 (10th Cir. 1981)). This rule is commonly known as the "unanimity rule." *See Brady*, 504 F.Supp at 1173.

Federal courts are courts of limited jurisdiction; thus, there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1095 (10th Cir. 2005) (quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *United States ex rel. King v. Hillcrest Health Ctr.*, 264 F.3d 1271, 1280 (10th Cir. 2001)). "All doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

## DISCUSSION

Plaintiff and the Lara Defendants seek to remand this case back to the Fifth Judicial District Court, Lea County, State of New Mexico because Defendants did not unanimously consent to removal pursuant to 28 U.S.C. § 1446(b)(2)(A).[1] The Court agrees. Because the Lara Defendants did not give consent to removal pursuant to 28 U.S.C. § 1446(b)(2)(A), the Court will remand this case pursuant to 28 U.S.C. § 1447(c) to the Fifth Judicial District Court, Lea County, State of New Mexico.

Section 1446(b)(2)(A) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." This rule is commonly known as the "unanimity rule." *See Brady*, 504 F.Supp.2d at 1173, *cited in Zambrano v. New Mexico Corr.*

---

[1] Plaintiff also argues that this case should be remanded because it was untimely removed. The Court need not reach that ground because the case is remanded on other grounds.

3

*Dep't*, 256 F. Supp. 3d 1179, 1181 (D.N.M. 2017). The "lack of unanimity is a procedural defect clearly established by statute as precluding removal." *Harvey v. UTE Indian Tribe of the Uintah & Ouray Rsrv.*, 797 F.3d 800, 805 (10th Cir. 2015). The Tenth Circuit has held that "[t]he failure to comply with these express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand." *Huffman v. Saul Holdings Ltd. P'shp,* 194 F.3d 1072, 1077 (10th Cir.1999) (quotation omitted).

It is undisputed that the Lara Defendants did not consent to removal and have instead moved to remand this case back to state court. Therefore, it appears there is a lack of unanimity warranting remand for a procedural defect pursuant to § 1447(c).

Defendant Weatherby does not argue that the Lara Defendants were not properly served. Rather, Weatherby appears to argue that the Lara Defendants were not properly joined because they are nominal parties, and therefore need not consent to the removal of this action. The Court disagrees and concludes that Weatherby has not shown that the Lara Defendants are nominal parties or improperly joined in this action.

The phrase "nominal party" is not in section 1446(b)(2)(A). Rather, that statute requires consent from defendants who are "properly joined." The parties do not cite to Tenth Circuit law on the meaning of "nominal party" in the context of this statutory language. It is clear that the Lara Defendants are not nominal parties because they are interested parties under the Declaratory Judgment Act, 28 U.S.C. § 2201, and parties otherwise seek relief against them.

When this case was filed in New Mexico state court, the Lara Defendants were properly joined under New Mexico law. "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." N.M.S.A 1978 §

44–6–12. "This means that any person or entity with an existing or potential interest in the outcome of the action must be named; failure to do so deprives the court of subject matter jurisdiction." *Gallegos v. Nevada Gen. Ins. Co.*, 2011-NMCA-004, ¶ 9, 149 N.M. 364, 366, 248 P.3d 912, 914 (citation and internal quotation marks omitted). This includes tort claimants whose interests would necessarily be affected by a judgment in a declaratory action. *Id.*

Here, this action seeks to determine whether Defendants Weatherby and Hudson must indemnify Power of Grace Trucking in the wrongful death suit brought by the Lara Defendants. The Lara Defendants' ability to recover in the underlying tort action may depend on the outcome of this declaratory judgment action.

Defendant argues that *Gallegos* is irrelevant because it is based on New Mexico rather than Federal law. In diversity cases, the Court applies state substantive law and federal procedural law. The Court agrees that the federal law applies to matters in this case occurring post-removal. Fed. R. Civ. P. 81(c). However, Weatherby has not cited to any federal law indicating that tort claimants may not participate in a declaratory judgment action involving a tortfeasor's insurer. Rather, "[t]he United States Supreme Court has held that an injured party cannot avoid being made a party to an insurer's declaratory action against the insured for non-coverage." *Gallegos v. Nevada Gen. Ins. Co.*, 2011-NMCA-004, ¶ 14, 149 N.M. 364, 367, 248 P.3d 912, 915, *citing Md. Cas. Co. v. Pac. Coal & Oil Co.,* 312 U.S. 270, 274, 61 S.Ct. 510, 85 L.Ed. 826 (1941). *Gallegos* cited to federal decisions in noting that most courts have found that injured parties are "proper participants in declaratory actions brought by insurers to deny coverage." *Id.* The Court often sees tort claimants participate in a declaratory judgment action against a tortfeasor's insurance company while the underlying tort action is pending.

Moreover, Defendant Hudson Insurance Company filed cross-claims against the Lara Defendants. **Doc. 9.** Hudson seeks a declaratory judgment against the Lara Defendants that it has no duty to indemnify its insureds in the wrongful death suit brought by the Lara Defendants. Although the cross-claims were filed after this case was removed, the cross-claims provide further evidence that the Lara Defendants were never considered "nominal" to this action but are interested parties under the federal declaratory judgment action.

The Court concludes that Defendant Weatherby has not carried its burden of showing that the Lara Defendants are nominal parties and not properly joined to this action. The Court has significant doubts as to whether the removal procedure under § 1446(b)(2)(A) was properly effectuated in this case. *See Fajen*, 683 F.2d at 333 ("Removal statutes are to be strictly construed, and all doubts are to be resolved against removal."). Because there is a lack of unanimous consent pursuant to 28 U.S.C. § 1446(b)(2)(A), the Court will remand this case for a procedural defect pursuant to 28 U.S.C. § 1447(c) to the Fifth Judicial District Court, Lea County, State of New Mexico.

**IT IS THEREFORE ORDERED** that the motions to remand **(Docs. 10, 11)** are hereby **GRANTED** for the reasons described in this Memorandum Opinion and Order;

**IT IS FURTHER ORDERED** that Defendant Weatherby-Eisenrich's motion for leave to file sur-reply **(Doc. 22)** is **GRANTED.** The Court considered the surreply attached to the motion;

**IT IS FURTHER ORDERED** that Plaintiff's motion to supplement **(Doc. 13)** is **GRANTED.**

**IT IS FINALLY ORDERED** that this action is **REMANDED** to the Fifth Judicial District Court, Lea County, State of New Mexico. The Clerk of Court is hereby directed to take the necessary actions to remand the case.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**